**Jones v. Erie Insurance Group**

*Shire, Bergstein and Caruso,* for plaintiff.
*Leonard Reeves,* for defendant.

MIHALICH, *J.,* January 24, 1980—The above-captioned matter comes before this court on defendant's preliminary objections.

Plaintiff filed a complaint in equity for specific performance in an effort to obtain payment of no-fault benefits. Plaintiff was paid no-fault benefits; however, defendant-insurance company has refused further payment.

Defendant, through its preliminary objections, contends that equity does not have jurisdiction because the remedy which plaintiff seeks is purely of a monetary nature.

Plaintiff contends that because she requests a mandate to pay future payments, equity rules to avoid multiplicity of suits.

This court agrees with defendant's contentions. Plaintiff's remedy lies in assumpsit, or it may be brought by petition and rule. The court understands that there is very little precedent in alleged no-fault claims; however, the court is impressed with the comments set forth in section 1:27 of The Pennsylvania No-Fault Motor Vehicle Insurance Act published by the Pennsylvania Trial Lawyers Association and edited by David S. Shrager. The aforementioned section is as follows:

"An action against an obligor for payment of no-fault benefits may be commenced in at least two forms. The action may be initiated by filing a Complaint in Assumpsit, or it may be brought by 'Petition and Rule.' The general rule in the Commonwealth is that actions may be commenced in ac-

cordance with the Rules of Civil Procedure. This encompasses a Summons, a Complaint, or an agreement for an amicable action. Exceptions to the general rule exist, however, and an alternative process may sometimes be used to commence an action when the Legislature establishes a specific procedure therefor. Specifically, a Petition and Rule may be utilized as original process where a statute so authorizes. In Long v. Rockwood Insurance Company, the Court of Common Pleas for Philadelphia County held that a claim for benefits under the No-fault Act may be commenced by Petition and Rule. The Court stated that, in its view, the intent of the Legislature as expressed in its findings, declared purpose, and provisions for prompt payment of no-fault benefits, was to permit a claimant to proceed against an obligor-carrier in a relatively speedy and inexpensive manner to compel prompt payment. The Court determined that the commencement of a claim by Petition and Rule would accomplish these ends. The Long case was followed in three Philadelphia County cases, Brown v. SEPTA, Simonds v. Safeguard Mutual Insurance Company, and Polcino v. GEICO. The use of Petition and Rule has not yet become accepted practice, except in Philadelphia County. The use of the Petition procedure, however, has distinct advantages over an action in Assumpsit, particularly in terms of simplicity and speed in obtaining a result. It is fully supportive of a common theme of the No-fault Act to promptly rehabilitate accident victims and to encourage the prompt disposition of claims for payment of benefits. It is expected that the other Pennsylvania counties will adopt the form of Petition and Rule as an acceptable format for the disposition of actions for no-fault benefits.

"In addition to or in lieu of an action in Assumpsit or Petition and Rule to recover overdue no-fault benefits, counsel may utilize Sections 404 and 405 to obtain a Court Order of obligor responsibility. Sections 404 and 405 provide that, following a hearing, a court of competent jurisdiction may enter an Order determining that an obligor of basic loss benefits is responsible for the cost of medical or rehabilitative treatment or care for the injured person. These sections afford a direct statutory basis for prompt court intervention in appropriate cases. Again, the action should properly be styled a 'Petition.'"

In the event plaintiff's claim is for less than $10,000, the court would be receptive to assigning this case to arbitration for speedy disposition. The court cites section 1:36 of the aforementioned treatise (The Pennsylvania No-fault Vehicle Insurance Act, published by the Pennsylvania Trial Lawyers Association) relative to its suggestion to make an assignment to the Board of Arbitration:

"Rule 1044 of the Pennsylvania Rules of Civil Procedure provides that in counties which have adopted rules governing compulsory arbitration in cases where the claim for relief is not in excess of $10,000, the court, on its own motion or motion of any party, may determine the amount actually in controversy and enter an Order of reference to a Board of Arbitration. This rule, permitting the court to determine the amount in controversy and, if appropriate, to refer the case to a Board of Arbitration, is not limited to trespass actions, but applies to assumpsit as well. Thus, in counties such as Philadelphia which have adopted rules governing compulsory arbitration, no-fault claims which

amount to less than $10,000 may be decided by arbitration."

In accordance with the foregoing, the preliminary objections are sustained, and the court issues the order dated and filed of even date herewith.

## ORDER

And now, January 24, 1980, in acordance with the opinion dated and filed of even date herewith, it is hereby ordered, adjudged and decreed that defendant's preliminary objections are sustained, and the above-captioned case is assigned to the law side of the court. The procedure to be followed on the law side of the court shall be in accordance with the suggestions mentioned in the opinion.